**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1577**

ARRIN FARRAR; ERIN FARRAR,

       Plaintiffs - Appellants,

    v.

MCFARLANE AVIATION, INC.; TEXTRON AVIATION, INC.,

       Defendants - Appellees,

    and

THE CESSNA AIRCRAFT COMPANY; ANDREW SWEPSTON,

       Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, Chief District Judge. (2:18-cv-00461)

Submitted: July 31, 2020                    Decided: August 18, 2020

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cynthia M. Devers, Michael S. Miska, WOLK LAW FIRM, Philadelphia, Pennsylvania, for Appellants. J. Denny Shupe, Robert J. Williams, Arleigh P. Helfer III, SCHNADER HARRISON SEGAL & LEWIS LLP, Philadelphia, Pennsylvania; Ronda L. Harvey, Gabriele Wohl, BOWLES RICE LLP, Charleston, West Virginia; Zachary J. Ballard,

SALMON, RICCHEZZA, SINGER & TURCHI, LLP, Philadelphia, Pennsylvania; Charles R. Bailey, Harrison M. Cyrus, BAILEY & WYANT, PLLC, Charleston, West Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arrin and Erin Farrar ("the Farrars") appeal the district court's order dismissing, pursuant to Fed. R. Civ. P. 12(b)(2), their civil claims against McFarlane Aviation, Inc. (McFarlane) and Textron Aviation, Inc. (Textron), which arise from a plane crash that caused significant injury to Arrin Farrar. On appeal, the Farrars challenge the district court's determination that they failed to establish a prima facie showing of both general and specific personal jurisdiction over McFarlane and Textron. Finding no error, we affirm.

We review de novo a district court's Rule 12(b)(2) dismissal. *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). Where "the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) (emphasis omitted). The court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (internal quotation marks omitted).

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if: "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Purdue Foods*, 814 F.3d at 188 (internal quotation marks omitted). Because "the West Virginia

3

long-arm statute is coextensive with the full reach of due process," *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997), our statutory and constitutional inquiries merge, *Purdue Foods*, 814 F.3d at 188.

To satisfy due process, a defendant must have such "minimum contacts" with the forum state to ensure that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (internal quotation marks omitted). Personal jurisdiction over a nonresident defendant may be general or specific. *Universal Leather*, 773 F.3d at 559. Specific jurisdiction requires that "the defendant purposely established minimum contacts in the forum state such that it should reasonably anticipate being haled into court there on a claim arising out of those contacts." *Sneha Media & Ent'mt, LLC v. Associated Broad. Co. P. Ltd.*, 911 F.3d 192, 198 (4th Cir 2018). General jurisdiction, in contrast, "requires a more demanding showing of continuous and systematic activities in the forum state." *Universal Leather*, 773 F.3d at 559 (internal quotation marks omitted).

The Farrars point to a variety of facts, principally related to McFarlane's and Textron's business activities, in support of their claim that Appellees are subject to specific jurisdiction in West Virginia. Specific jurisdiction is appropriate when "the defendant's contacts with the State . . . have been so substantial that they amount to a surrogate for presence and thus render [West Virginia's] exercise of sovereignty just." *Sneha Media*, 911 F.3d at 198 (internal quotation marks omitted). To determine whether such minimum contacts are present, we evaluate: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs'

4

claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020) (internal quotation marks omitted); *see id.* (mandating consideration of "the *quality* and *nature* of the defendant's connections, not merely the number of contacts between the defendant and the forum state"); *Sneha Media*, 911 F.3d at 198-99 (describing nonexclusive list of relevant factors).

Importantly, the specific jurisdictional inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotation marks omitted). Specific personal jurisdiction requires "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (brackets and internal quotation marks omitted). In other words, "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (brackets and internal quotation marks omitted); *see Walden*, 571 U.S. at 284 (explaining that "the defendant's suit-related conduct must create a substantial connection with the forum State"). Further, "[t]he connection between the defendant and the forum must arise out of contacts that the defendant *himself* creates with the forum State." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020) (internal quotation marks omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squib*, 137 S. Ct. at 1781.

5

We have evaluated the record in view of this authority and conclude that the activities of both Textron and McFarlane on which the Farrars rely are insufficient to establish the requisite prima facie showing. Notably, although the Farrars advocate a broad construction of the required nexus between a defendant's forum-state activities and the subject of the suit, that construction runs contrary to the Supreme Court's decision in *Bristol-Myers Squibb*. Rather, the Supreme Court has repeatedly rejected the notion that the "*consumer's* unilateral act of bringing the defendant's product into the forum State [i]s a sufficient constitutional basis for personal jurisdiction over the defendant." *Asahi Metal Indus. Co. Ltd. v. Superior Ct.*, 480 U.S. 102, 109 (1987); *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295-96 (1980). This is true even where the defendant is aware that its product would reach the forum state through the stream of commerce, *Asahi*, 480 U.S. at 111, or where the defendant's products were sporadically sold in the forum state through intermediaries, *Goodyear*, 564 U.S. at 926.

Here, neither Textron nor McFarlane had control over the movement of the products that allegedly injured Arrin Farrar into West Virginia or directed purposeful activity toward West Virginia in relation to those particular sales. *See Fidrych*, 952 F.3d at 143. While the Farrars focus on federally mandated service literature that Textron provided the owner of the accident-involved aircraft regarding the alleged defect, these advisements—which Textron was required by law to provide to owners of that model aircraft—does not amount to purposeful availment of West Virginia as a forum. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 917 (10th Cir. 2017); *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1178 (6th Cir. 1992). Further, considering the

standards set forth above, we conclude that the remaining facts on which the Farrars attempt to rely establish only incidental and attenuated contacts with the forum state related to the subject of the suit, insufficient to support specific personal jurisdiction over Appellees.

Turning to general jurisdiction, we initially reject Appellees' contention that the Farrars have waived appellate review of their claim to general jurisdiction, as we find the district court and appellate pleadings on this issue adequate to address its merits. Nevertheless, we find the Farrars' arguments in favor of general jurisdiction unpersuasive. General jurisdiction is appropriate if the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). For a corporation, the paradigmatic jurisdictional forum is the corporation's place of incorporation and principal place of business. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). However, "in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

Although the Farrars take issue with the narrowed conception of general jurisdiction articulated in *Daimler*, the Supreme Court has continued to apply that formulation in subsequent binding authority. *Id.* To the extent that the Farrars ask us to take a broader approach than authorized by the Supreme Court, "it is the Supreme Court's prerogative alone to overrule one of its precedents." *Roe v. Dep't of Def.*, 947 F.3d 207, 232 (4th Cir. 2020) (internal quotation marks omitted). Additionally, we conclude that the Farrars have

7

waived appellate review of their Seventh Amendment challenge to *Daimler*. *See Hicks v. Ferreyra*, __ F.3d __, No. 19-1697, 2020 WL 3969268, at \*5 (4th Cir. July 14, 2020) ("It is well established that this court does not consider issues raised for the first time on appeal, absent exceptional circumstances." (brackets and internal quotation marks omitted)). Finally, applying the relevant authority discussed above, we have little trouble concluding that the Farrars have fallen short of the exacting requirements for establishing general jurisdiction over Appellees in West Virginia.

Accordingly, we affirm the district court's judgment. We grant Appellees' motion for submission on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*